IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00971-BNB

CARL R. MARBURGER,

    Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Carl R. Marburger, submitted *pro se* a Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915. Mr. Marburger alleges that Defendant violated his Eighth Amendment rights when a prison official denied him access to daily medication to control his epileptic seizures between 2007 to 2009. He further alleges that he was placed in solitary confinement and denied medication in retaliation for receiving a state court judgment against the attending physician at the Colorado Department of Corrections ("CDOC") facility in which he was incarcerated. He seeks money damages.

    On April 23, 2014, the Court directed Mr. Marburger to show cause why this action should not be dismissed as time-barred. (*See* ECF No. 9). The Court explained that the limitation period for an action under 42 U.S.C. § 1983 is set by the personal injury statute in the state where the cause of action accrues, and that in Colorado, the limitations period is two years. *See Garcia v. Wilson,* 731 F.2d 640, 655-51 (10th Cir. 1984); Colo. Rev. Stat. § 13-80-102. The Court noted that Mr. Marburger's allegations

of deliberate indifference and retaliation were limited to the two-year period between 2007 and 2009.  (*See* ECF No. 5 at 3, 6-7, 13-16).  Accordingly, based on the allegations in the Complaint, Mr. Marburger's claims accrued in 2009 and the statue of limitations expired two years later in 2011.  (ECF No. 9 at 4).  Mr. Marburger, however, did not initiate this action until April 4, 2014.  (*Id.*).   In the Order to Show Cause, the Court also explained that Colorado's tolling rules apply to a § 1983 action.  (*Id.*).  Under Colorado law, equitable tolling applies only (1) when defendant's wrongful conduct prevented plaintiff from asserting the claims in a timely manner or (2) when "extraordinary circumstances" prevented plaintiff from filing the claim despite diligent efforts.  *See Morrison v. Goff,* 91 P.3d 1050, 1053 (Colo. 2004).  The Complaint, however, did not provide any allegations supporting an equitable tolling argument.  Accordingly, the Court directed Mr. Marburger to respond and show cause why this action should not be dismissed as time-barred because more than two years have passed since the claims accrued.  (*See* ECF No. 9 at 4-5).

On May 14, 2014, Mr. Marburger submitted a Response (ECF No. 10) to the Order to Show Cause.  The Court must construe the Response liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

In the Response, Mr. Marburger alleges that his claims are not barred because the application limitations period should be tolled.  (ECF No. 10 at 5).  He asserts that equitable tolling should apply for the period he was incarcerated in the CDOC facility because he feared that CDOC officials would retaliate against him if he filed a

complaint. (*Id.*). Accordingly, he refrained from filing his complaint until he was "free and clear of the corrections system, thereby no longer in fear of retaliation by state employees." (*Id.*). Mr. Marburger further states that this fear was reasonable because he had obtained a favorable judgment against a prison official in 2006 and was subsequently denied medication from 2007 to 2009. (*Id.*). For purposes of initial review, Mr. Marburger has sufficiently alleged facts to support the possible application of equitable tolling. Mr. Marburger, however, must file an amended complaint for the reasons discussed below.

The only named Defendant in the caption of the Complaint is the Colorado Department of Corrections. Mr. Marburger may not sue the CDOC for money damages. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007). The CDOC is an agency of Colorado that is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988). Congress did not abrogate Eleventh Amendment immunity through Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). Thus, the CDOC is an improper party to this action.

In addition to naming proper parties in the amended complaint, Mr. Marburger also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Marburger must show how each named individual caused the deprivation of a

federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Marburger may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Marburger uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

In short, Mr. Marburger must submit an Amended Complaint that sues proper parties and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Plaintiff, Carl R. Marburger, **within thirty (30) days from the date of this order**, file an amended Complaint that complies with this order.  It is

FURTHER ORDERED that the amended Complaint shall be titled "Amended Complaint," and filed on the Court-approved Complaint form, which is available at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Marburger fails to file an amended complaint that complies with this order within the time allowed the complaint and action may be

dismissed without further notice.

DATED May 22, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge