IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00971-BNB

CARL RAY MARBURGER,

    Plaintiff,

v.

COLORADO DEPT OF CORRECTIONS,
COLORADO DEPT OF CORRECTIONS CLINICAL SERVICES, and
FORMER DR. EDGER ALLEN NEWFELD, State Primary Provider for Clinical Services
    for the State of Colorado,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Carl Ray Marburger, currently resides in Denver, Colorado.  Mr. Marburger initiated this action by filing *pro se* a Complaint asserting that he was deprived of his constitutional rights while he was in custody of the Colorado Department of Corrections (CDOC).  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On April 23, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that the action appeared to be time-barred.  The Court ordered Mr. Marburger to respond and show cause why this action should not be dismissed as time-barred. (*See* ECF No. 9).  On May 22, 2014, Magistrate Judge Boland reviewed Mr. Marburger's Response (ECF No. 10) and determined that for purposes of initial review Mr. Marburger has sufficiently alleged facts to support the possible application of equitable tolling.  Magistrate Judge Boland also determined, however, that the

Complaint was deficient because Mr. Marburger sued improper parties and did not allege the personal participation of each named defendant in the asserted constitutional violations. (*See* ECF No. 11). Magistrate Judge Boland thus ordered Mr. Marburger to file an amended complaint, on the court-approved Complaint form, within thirty days of the May 22 Order. On June 23, 2014, Mr. Marburger filed an Amended Complaint (ECF No. 12) but it was not on the Court-approved form. On July 2, 2014, Mr. Marburger filed an Amended Complaint (ECF No. 14).

Mr. Marburger has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(I), the Court must dismiss the action if Mr. Marburger's claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe Mr. Marburger's Amended Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Amended Complaint will be dismissed, in part.

Mr. Marburger alleges that Defendants wrongfully reclassified him as a non-epileptic and denied him access to daily medications to control his seizures. He also alleges that Defendant Newfeld withheld the medication in retaliation for Mr. Marburger

receiving a state court judgment against Defendant Newfeld. He further alleges that Defendants retaliated against him "by forcing solitary confinement after losing the lawsuit . . . and labeling him as a combatant while off medications." Finally, he alleges that Defendant Newfeld practiced medicine without a medical license. He seeks money damages.

Mr. Marburger's claims against CDOC and CDOC Clinical Services are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007). The CDOC is an agency of Colorado that is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988). Congress did not abrogate Eleventh Amendment immunity through Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). Accordingly, CDOC and CDOC Clinical Services are improper parties to this action and will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that Mr. Marburger's claims against Defendant Newfeld do not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge and, if appropriate, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Defendants Colorado Dept of Corrections and Colorado Dept of Corrections Clinical Services are DISMISSED from this action based on Eleventh

Amendment immunity.  It is

FURTHER ORDERED that Plaintiff's claims against Defendant Newfeld shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this  10th  day of     July        , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court