IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00971-PAB-KLM

CARL RAY MARBURGER,

    Plaintiff,

v.

EDGER ALLEN NEWFELD, former doctor, state primary provider for clinical services for the state of Colorado,

    Defendant.

_____

### MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion For an Extention [sic] of Time to Serve Summons** [#33][1] (the "Motion") and Plaintiff's **Application to Proceed in District Court Without Prepaying Fees or Costs** [#34] (the "Application").

    The Motion is difficult to understand, but Plaintiff appears to request a "60-90" day extension of his deadline to serve Defendant. *Motion* [#33] at 2. This case was filed on April 4, 2014. *See generally Complaint* [#1]. Pursuant to Fed. R. Civ. P. 4(m), the deadline to serve Defendant was August 2, 2014. When the United States Marshal's Service attempted service on Defendant, service could not be completed because Defendant is deceased. *See Process Receipt and Return* [#28] at 1. On September 9, 2014, Plaintiff filed his Motion For Extension of Time to Serve Summons and Complaint to Case 14-cv-00971 Concerning Deceased Status [#29], which was denied without prejudice on September 10, 2014 [#32]. At that time, the Court noted that "if Plaintiff intends to attempt to assert claims against the estate of any decedent, the estate must be named as a defendant in the lawsuit." *Minute Order* [#32] at 1 (citation omitted). To date, Plaintiff has not filed a motion pursuant to Fed. R. Civ. P. 19 or 20 to join an estate, nor has he sought to amend his Second Amended Complaint [#14]. **The Court again informs Plaintiff that suit may not be brought against a deceased individual and that, instead, he must name Defendant's estate or personal representative.** *See Martinez v. Winner*, 771 F.2d

---

[1] "[#33]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

424, 443 (10th Cir. 1985) ("Mr. Tooley has died, and plaintiff has not requested that the cause be revived against his estate or personal representative, so the complaint must be dismissed as to him . . . ."); *Carbajal v. Seventh Judicial Dist.*, 2011 WL 5006992, at *2 (Oct. 19, 2011) (dismissing all claims asserted against deceased defendant and noting that the "estate or [ ] personal representative must be substituted") (citation omitted).  Fed. R. Civ. P. 4(m) allows for extension of the deadline to serve a defendant "if the plaintiff shows good cause for" his failure to serve that defendant within the 120 deadline set by the rule. In the Motion, Plaintiff explains that he needs to "investigate the estate providers, recipients [sic], trusts or will" of Defendant.  *Motion* [#33] at 2.  The Court finds that Plaintiff's need to do additional research to identify the proper individual or entity to name as a defendant in this action constitutes good cause for the requested extension.

In the Application, Plaintiff seeks leave to proceed pursuant to 28 U.S.C. § 1915, however, the requested relief was granted by the Court on April 22, 2014.  *See generally Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915* [#7].

IT IS HEREBY **ORDERED** that the Motion [#33] is **GRANTED**.  Pursuant to Fed. R. Civ. P. 4(m), Plaintiff's deadline to serve Defendant in this action is extended to **February 23, 2015**.  **If Plaintiff does not identify a proper Defendant and provide the United States Marshal's Service with sufficient service information for that Defendant on or before this deadline, the Court will recommend that this action be dismissed.**

IT IS FURTHER **ORDERED** that the Application [#34] is **DENIED as moot**.

Dated:  December 2, 2014