IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00971-PAB-KLM

CARL RAY MARBURGER,

      Plaintiff,

v.

THE ESTATE OF EDGER ALLEN NEWFELD,

      Defendant.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on the **Order to Show Cause** [#54][1]. The Court ordered Plaintiff to show cause "as to why this case should not be dismissed for his failure to comply with the Local Rules and to prosecute this lawsuit." *Order to Show Cause* [#54] at 2. Plaintiff's deadline for compliance with the Order to Show Cause [#54] was May 15, 2015. To date, Plaintiff has neither filed a response nor contacted the Court in any manner.

Although Plaintiff is proceeding in this lawsuit without an attorney, he bears the responsibility of prosecuting his case with due diligence. The Court must liberally construe pro se filings; however, pro se status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.

---

[1] "[#54]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order and Recommendation.

1994).

As noted in the Order to Show Cause,

[o]n March 31, 2015, the undersigned issued a Minute Order [#49] in this matter granting Plaintiff's Motion to Cause to Allow 4th Amendment in Case 14-cv-00971 [#47] and Plaintiff's Motion to Deliver USM -285 in Case 14-cv-00971 as Granted by Informa [sic] Pauperis by the US Marshall [sic] Service [#46].  On April 1, 2015, the Clerk of the Court filed a Certificate of Service regarding service of the Fourth Amended Complaint on Myra Newfeld [#51] (the "Certificate of Service").   Because the Fourth Amended Complaint included an updated address for Plaintiff, which was updated upon the filing of the Fourth Amended Complaint, the Certificate of Service was sent to Plaintiff at his new address.  On April 17, 2015, the Certificate of Service was returned to the Office of the Clerk as undeliverable [#52].  The postal service printed on the envelope: "Return to Sender, Attempted - Not Known, Unable to Forward."  *Id.*  On April 17, 2015, a Minute Order [#42] sent to Plaintiff at his previous address was also returned as undeliverable [#53]. That envelope also was printed with: "Return to Sender, Attempted - Not Known, Unable to Forward."  *Id.*  Accordingly, it is clear that the Court and Defendant cannot reach Plaintiff at his prior address.

*Order to Show Cause* [#54] at 1-2 (footnote omitted).

D.C.COLO.LAttyR 5(c) requires that any change of address (or other contact information) be noticed to the Court within five days of such change.  Plaintiff is thus under a continuing obligation to inform the Court of any changes in his contact information.  To date, the docket does not reflect the filing of a notice by Plaintiff regarding an address change.  Because Plaintiff has failed to update his present contact information with the Court, the Court and Defendant have no means of contacting him in connection with this litigation.

The Court warned Plaintiff in the Order to Show Cause that his failure to timely comply with the instruction to respond would result in a recommendation that this matter be dismissed due to Plaintiff's failure to prosecute.  *Order to Show Cause* [#54] at 2.  Given Plaintiff's failure to comply with the instruction stated in the Order to Show Cause [#54], the

2

Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2] The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[3] *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007)

---

[2]  The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

[3]  While the Court need not consider "any particular procedures" when dismissing a case without prejudice pursuant to Fed. R. Civ. P. 41(b), *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007), the Court nevertheless considers the *Ehrenhaus* factors here to provide Plaintiff with an understanding of the Court's reasoning. *See Robledo-Valdez v. Smelser*, 593 F.App'x 771, 774 (10th Cir. 2014) (unpublished Order and Judgment) ("We note that, when the dismissal is without prejudice, as in this case, consideration of the *Ehrenhaus* factors is not required.").

(quoting *Ehrenhaus*, 965 F.2d at 921).

Here, it is clear that Plaintiff has no present intention of seeking resolution of this matter on the merits. Plaintiff has failed to update his contact information with the Court and, thus, the Court and Defendant have no means of contacting him in connection with this litigation. Further, Plaintiff has disobeyed a direct order of the Court by failing to file a response to the Order to Show Cause regarding his intent to prosecute this case. These facts demonstrate that Plaintiff has abandoned his lawsuit, and consideration of the above-stated *Ehrenhaus* factors weigh in favor of dismissal without prejudice.[4]  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#54] is **MADE ABSOLUTE**.  Thus,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Fourth Amended Complaint [#50] be **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this

---

[4] Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness).

Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  June 10, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge