IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00971-PAB-KLM

CARL RAY MARBURGER,

    Plaintiff,

v.

THE ESTATE OF EDGAR ALLEN NEWFELD,

    Defendant.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix filed on June 10, 2015 [Docket No. 58]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on June 10, 2015. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the

Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

    **ORDERED** as follows:

    1.  The Recommendation of United States Magistrate Judge [Docket No. 58] is ACCEPTED.

    2.  Plaintiff's Fourth Amended Complaint [Docket No. 50] is dismissed without prejudice.

    3.  This case is closed.


    DATED June 30, 2015.

                            BY THE COURT:

                            s/Philip A. Brimmer
                            PHILIP A. BRIMMER
                            United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).